**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| BMO HARRIS BANK N.A.,<br><br>PLAINTIFF,<br><br>V.<br><br>CROWDER TRUCKING, LLC, AND ROGER CROWDER, AN INDIVIDUAL<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:21 CV 112 |

**COMPLAINT**

BMO Harris Bank N.A., by and through its undersigned counsel, complains of Defendants, Crowder Trucking, LLC and Roger Crowder, as follows:

**I. THE PARTIES**

1. Plaintiff BMO Harris Bank N.A. (the "Lender"), is a national banking association with a principal place of business located at 111 W. Monroe Street, Chicago, Illinois 60694.

2. Defendant, Crowder Trucking, LLC ("Borrower"), is an Indiana limited liability company with a principal place of business located at 215 N. Nyesville Road, Rockville, Indiana and a registered agent address of 237 N. Nyesville, Rockville, Indiana 47872.

3. Defendant, Roger Crowder ("Guarantor, collectively with Borrower, the "Defendants"), is an individual residing, upon information and belief, at 237 N. Nyesville, Rockville, Indiana 47872.

**II. JURISDICTION AND VENUE**

4. The parties are of diverse citizenship.

5. The amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a).

7. The claims forming the basis of this Complaint, or a significant portion thereof, arose in that geographical area which is contained within the federal judicial district known as the Southern District of Indiana. Specifically, the parties in substantial part entered into the agreements that form the basis of this Complaint in said District.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III. FACTUAL BACKGROUND

### A. The First Loan Agreement

9. On November 18, 2016, Borrower and Lender entered into that certain Loan and Security Agreement (the "First Loan Agreement"), pursuant to which Lender agreed to finance Borrower's purchase of one (1) 2017 Wabash Refrigerated 53' Van, identified by serial number 1JJV532B6HL975451, and one (1) 2016 Carrier 7500 X4, identified by serial number SAG91498162 (collectively, the "First Loan Collateral"), in exchange for a total payment of $70,222.80, payable in 60 monthly installments of $1,170.38. A copy of the First Loan Agreement is attached hereto as **Exhibit A.**

10. A failure to make any monthly payment when due under the First Loan Agreement constitutes an event of default thereunder. *First Loan Agreement*, § 5.1.

11. Upon default under the First Loan Agreement, Lender is entitled to monetary damages from Borrower as a result of Borrower's breach, which amounts shall accrue interest at the default rate of eighteen percent per annum (18%), and Lender is entitled to collect all legal

fees and expenses incurred by Lender in the exercise of any right or remedy available to it under the First Loan Agreement. *First Loan Agreement,* §§ 5.2 and 5.3.

**B. The Second Loan Agreement**

12. On December 20, 2017, Borrower and Lender entered into that certain Loan and Security Agreement (the "Second Loan Agreement"), pursuant to which Lender agreed to finance Borrower's purchase of one (1) 2017 Wabash Refrigerated 53' Van, identified by serial number 1JJV532B8HL975497, and one (1) 2017 Carrier 7500, identified by serial number SAP91419054 (collectively, the "Second Loan Collateral"), in exchange for a total payment of $77,606.40, payable in 60 monthly installments of $1,293.44. A copy of the Second Loan Agreement is attached hereto as **Exhibit B.**

13. A failure to make any monthly payment when due under the Second Loan Agreement constitutes an event of default thereunder. *Second Loan Agreement*, § 5.1

14. Upon default under the Second Loan Agreement, Lender is entitled to monetary damages from Borrower as a result of Borrower's breach, which amounts shall accrue interest at the default rate of eighteen percent per annum (18%), and Lender is entitled to collect all legal fees and expenses incurred by Lender in the exercise of any right or remedy available to it under the Second Loan Agreement. *Second Loan Agreement* §§ 5.2 and 5.3.

**C. The Third Loan Agreement**

15. On May 4, 2018, Borrower and Lender entered into that certain Loan and Security Agreement (the "Third Loan Agreement"), pursuant to which Lender agreed to finance Borrower's purchase of two (2) 2018 Freightliner Coronado-Series 13264T 132" BBC Conv Cab Tractors 6X4 identified by serial numbers 3ALXFB004JDJX0044 and 3ALXFB007JDJX0040 (collectively, the "Third Loan Collateral"), in exchange for a total payment of $367,026.48,

payable in 72 monthly installments of $5,097.59. A copy of the Third Loan Agreement is attached hereto as **Exhibit C.**

16. A failure to make any monthly payment when due under the Third Loan Agreement constitutes an event of default thereunder. *Third Loan Agreement*, § 5.1

17. Upon default under the Third Loan Agreement, Lender is entitled to monetary damages from Borrower as a result of Borrower's breach, which amounts shall accrue interest at the default rate of eighteen percent per annum (18%), and Lender is entitled to collect all legal fees and expenses incurred by Lender in the exercise of any right or remedy available to it under the Third Loan Agreement. *Third Loan Agreement*, §§ 5.2, 5.3.

**D. The Fourth Loan Agreement**

18. On May 7, 2018, Borrower and Lender entered into that certain Loan and Security Agreement (the "Fourth Loan Agreement"), pursuant to which Lender agreed to finance Borrower's purchase of one (1) 2018 Wabash Refrigerated 53' Van, identified by serial number 1JJV532B2JL034777 and one (1) 2018 Carrier 7600A, identified by serial number TAA91551675 (collectively, the "Fourth Loan Collateral"), in exchange for a total payment of $80,484.00, payable in 60 monthly installments of $1,341.40. A copy of the Fourth Loan Agreement is attached hereto as **Exhibit D**.

19. A failure to make any monthly payment when due under the Fourth Loan Agreement constitutes an event of default thereunder. *Fourth Loan Agreement*, § 5.1

20. Upon default under the Fourth Loan Agreement, Lender is entitled to monetary damages from Borrower as a result of Borrower's breach, which amounts shall accrue interest at the default rate of eighteen percent per annum (18%), and Lender is entitled to collect all legal

fees and expenses incurred by Lender in the exercise of any right or remedy available to it under the Fourth Loan Agreement. *Fourth Loan Agreement*, §§ 5.2, 5.3.

**D. The Fifth Loan Agreement**

21. On July 6, 2018, Borrower and Lender entered into that certain Loan and Security Agreement (the "Fifth Loan Agreement"), pursuant to which Lender agreed to finance Borrower's purchase of one (1) 2019 Wabash Refrigerated 53' Vans, identified by serial number 1JJV532B7KL115226 and one (1) 2018 Carrier X4 7500, identified by serial number TAA91551692 (collectively, the "Fifth Loan Collateral"), in exchange for a total payment of $81,067.80, payable in 60 monthly installments of $1,351.13. A copy of the Fourth Loan Agreement is attached hereto as **Exhibit E**.

22. A failure to make any monthly payment when due under the Fifth Loan Agreement constitutes an event of default thereunder. *Fourth Loan Agreement*, § 5.1

23. Upon default under the Fifth Loan Agreement, Lender is entitled to monetary damages from Borrower as a result of Borrower's breach, which amounts shall accrue interest at the default rate of eighteen percent per annum (18%), and Lender is entitled to collect all legal fees and expenses incurred by Lender in the exercise of any right or remedy available to it under the Fifth Loan Agreement. *Fifth Loan Agreement*, §§ 5.2, 5.3.

**E. The Guaranty**

24. In order to further secure the amounts due from Borrower to Lender, on May 7, 2018, Guarantor executed a Continuing Guaranty (the "Guaranty") in favor of Lender, pursuant to which Guarantor guaranteed that Borrower "shall promptly and fully perform, pay and discharge all its present and future liabilities, obligations and indebtedness to [Lender]…" A copy of the Guaranty is attached hereto as **Exhibit F**.

**F. The Modification Agreement**

25. On October 4, 2019, Borrower and Lender entered a Modification Agreement (the "Modification Agreement"), which modified the terms of the First Loan Agreement, Second Loan Agreement Third Loan Agreement, Fourth Loan Agreement, and Fifth Loan Agreement, as more full described therein. A copy of the First Loan Modification Agreement is attached hereto as **Exhibit G**.

26. Hereinafter, the First Loan Agreement, Second Loan Agreement, Third Loan Agreement, Fourth Loan Agreement, Fifth Loan Agreement, and Modification Agreement are referred to collectively as the "Loan Agreements."

**G. The Payment Defaults**

27. Borrower is in default under the terms and conditions of the Loan Agreements, having failed, inter alia, to make payments when due thereunder.

28. Guarantor is in default under the terms and conditions of the Guaranty, having failed to make payments when due thereunder.

29. Lender has substantially performed any and all obligations to be performed by it under the terms of the Loan Agreements and the Guaranty.

30. On February 8, 2021, Lender notified the Borrower and Guarantor of the default status of the Loan Agreements (the "Default Notices") and demanded payment in full on the Loan Agreements. True and correct copies of the Default Notices are attached hereto as **Exhibit H** and incorporated herein.

31. At the time of filing of this Complaint, Defendants have not cured the default under the Loan Agreements and Guaranty as set forth in the Default Notices.

32. Due to these defaults and pursuant to the express terms of the Loan Agreements and Guaranty, Lender is entitled to contractual money damages as set forth therein.

33. As of February 8, 2021 the balance due under the Loan Agreements was not less than $423,627.05. This consists of: (i) not less than $26,473.33 due under the First Loan Agreement; (ii) not less than $44,287.44 due under the Second Loan Agreement; (iii) not less than $247,767.96 due under the Third Loan Agreement; (iv) not less than $51,278.96 due under the Fourth Loan Agreement; and (v) not less than $53,819.36 due under the Fifth Loan Agreement. True and correct copies of the damages calculations for the First Loan Agreement, Second Loan Agreement, Third Loan Agreement, Fourth Loan Agreement, and Fifth Loan Agreement are attached hereto as **Exhibits I - M**, respectively.

**E. Lender's Damages**

34. As a result of the breaches by Defendant under the Loan Agreements and Guaranty, Lender has been damaged in an aggregate amount equal to not less than $423,627.05 as of February 8, 2021.

35. Interest continues to accrue under the Loan Agreements at a rate of eighteen percent (18.0%) per annum on all sums then due under the Loan Agreements. *First Loan,* § 5.3; *Second Loan,* § 5.3; *Third Loan,* § 5.3; *Fourth Loan,* § 5.3; *Fifth Loan,* § 5.3.

36. The Loan Agreements permit Lender to collect, as additional damages, its attorneys' fees and costs of collection incurred in relation to the Loan Agreements and the First Loan Collateral, the Second Loan Collateral, Third Loan Collateral, Fourth Loan Collateral, and Fifth Loan Collateral (collectively, the "Collateral"). *First Loan,* § 5.2; *Second Loan,* § 5.2; *Third Loan,* § 5.2.

**COUNT I – BREACH OF CONTRACT**
**(Borrower)**

37. Lender hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

38. Lender has performed all terms and conditions of the Loan Agreements to be performed by Lender.

39. In contrast, Borrower has not performed under the Loan Agreements and has, *inter alia*, failed to make payments to Lender under the Loan Agreements when due.

40. Under the Loan Agreements, Lender is entitled to contractual money damages from Borrower as provided therein, both for the arrearages in payments due thereunder and for the damage inflicted upon the Collateral, as well as any and all additional damages specified as a remedy after default.

41. The amount due under the Loan Agreements as of February 8, 2021 was not less than $423,627.05, which amount is immediately due and owing from Borrower, together with interest on and after February 8, 2021 at the default rate specified in the Loan Agreements.

42. The Loan Agreements provide that Lender shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Lender prays that this Court enter a judgment in its favor and against Borrower in the amount due under the Loan Agreements, respectively, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, penalties, and interest, together with such other and further relief as shall be just and equitable.

**COUNT II – BREACH OF CONTRACT**
**(Guarantor)**

43. Lender hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

44. Lender has performed all terms and conditions of the Guaranty to be performed by Lender.

45. Under the Guaranty, Guarantor is liable for all amounts due to Lender under the Loan Agreements.

46. Guarantor is in default under the terms and conditions of the Guaranty, having failed to make payments thereunder.

47. As a direct and proximate result of Guarantor's breach of the Guaranty, Lender has incurred and continues to incur substantial damages.

48. The Loan Agreements and Guaranty provide that Lender shall recover its attorneys' fees, costs of collection, and interest on all amounts due and owing.

49. Lender has been required to retain the services of counsel to prosecute this claim and is therefore entitled to an award of attorneys' fees and costs.

///

WHEREFORE, Lender prays that this Court enter a judgment in its favor and against Guarantor in the amount due under the Guaranty, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

Dated: February 23, 2021

Respectfully submitted,

By: *_/s/ Ann E. Pille_*

Ann E. Pille (IL ARDC No.: 6283759)
REED SMITH LLP
10 S. Wacker Drive, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
E-mail: apille@reedsmith.com

*Counsel for BMO Harris Bank N.A.*