UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BMO HARRIS BANK, N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00112-JRS-MJD |
| ) | |
| CROWDER TRUCKING, LLC, ) | |
| ROGER CROWDER, ) | |
| ) | |
| Defendants. ) | |

**Entry and Order**

Plaintiff has filed a motion for entry of default and default judgment. (ECF No. 11.)

Obtaining a default judgment in federal court is a two-step process. *See* Fed. R. Civ. P. 55(a)-(b). If the defendant fails to timely answer or otherwise respond to a complaint, the plaintiff can request entry of default by the court clerk. Step one requires a party to file an application for entry of default by the clerk under Rule 55(a). *Id.* The entry of a clerk's default is a necessary prerequisite for the court to grant a default judgment. *See* 10 *Moore's Federal Practice* § 55.10[1], at 55-14 (Matthew Bender 3d ed. 2014). If the clerk enters a default, then the plaintiff can move to step two, and ask the Court to grant a default judgment under Rule 55(b)(2).

Plaintiff did not first obtain a clerk's entry of default; instead, it simultaneously moved for entry of default and default judgment. Therefore, Plaintiff's motion for

entry of default and default judgment (ECF No. 11) is **DENIED**.  This is without prejudice to filing an appropriate motion for entry of default, and if granted, then filing an appropriate motion for default judgment.

**SO ORDERED.**

Date: 4/21/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Ann E. Pille
REED SMITH LLP (Chicago)
apille@reedsmith.com